UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON MCCLELLAN,

                Plaintiff,
v.                                      Case No. 3:10-cv-1165-J-34TEM

SERGEANT BOYD,

                Defendant.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Jason McClellan, an inmate of the Florida penal system proceeding in forma pauperis, initiated this action by filing a pro se Civil Rights Complaint (Complaint) (Doc. #1) under 42 U.S.C. § 1983 on November 24, 2010, pursuant to the mailbox rule. McClellan filed the action while he was an inmate of the pretrial detention facility (PTDF) and names Sergeant Boyd at PTDF as the only Defendant. McClellan asserts that Defendant Boyd discriminated against him because McClellan chose "to be gay."

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act, which requires this Court to dismiss this case at any time if the Court determines that

the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact."  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001).  A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'"  Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).

Additionally, in any section 1983 action, the initial inquiry must focus on whether the two essential elements to a section 1983 action are present:  (1) whether the person engaged in the conduct

complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Houston v. Williams, 547 F.3d 1357, 1360-61 (11th Cir. 2008) (citing 42 U.S.C. § 1983).

Plaintiff has provided a change of address, stating that he is no longer incarcerated at PTDF, but is incarcerated in the custody of the Florida Department of Corrections. See Plaintiff's Notice of Change of Address (Doc. #13), filed May 6, 2011; see also http://www.dc.state.fl.us/ActiveInmates (reflecting that Plaintiff is incarcerated at the Reception and Medical Center with an estimated release date of October 26, 2027). As relief, Plaintiff McClellan requests that this Court "terminate Sergeant Boyd from working in the Duval County Jail." Complaint at 10. Since there is no longer a justiciable case or controversy regarding Plaintiff's request for injunctive relief, this Court cannot provide any meaningful relief. Rowan v. Harris, 316 Fed.Appx. 836, 838 (11th Cir. 2008) (per curiam) (not selected for publication in the Federal Reporter), cert. denied, 129 S.Ct. 500 (2008). Additionally, the termination or firing of an employee working at PTDF is not the sort of relief that this Court is empowered to grant. Such actions are personnel decisions for the administration or human resources department at PTDF. Therefore, this case will

be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The case is **DISMISSED without prejudice.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of June, 2011.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 6/9
c:
Jason McClellan